UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:06-cr-00109 (JCH) |
| : | |
| ALBERT EUGENE TUCKER : | JANUARY 23, 2009 |
|     Defendant : | |

**RECHARACTERIZATION ORDER**

    Albert Eugene Tucker, a federal prisoner, is currently serving a fifty month sentence following his plea of guilty to one count of conspiracy to possess with intent to distribute, and to distribute cocaine base in violation of 21 U.S.C. §§ 841 (b)(1)(A)(iii) and 846.  On January 20, 2009, Tucker filed a letter with the court requesting that it reduce his sentence due to his ineligibility to participate in the Bureau of Prison's Residential Drug Abuse Program(Doc. No. 285).  Because this letter challenges the length of the Tucker's sentence, it should have been filed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The Second Circuit has held that, when a petitioner has never filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, a district court may not simply construe " a motion purportedly made under some other rule" as a motion to vacate, set aside, or correct sentence without providing notice to the petitioner.  Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).  Prior to recharacterizing the Motion for Sentence Adjustment as a motion brought pursuant to section 2255, the court must permit the petitioner to either: (1) agree to the recharacterization of his letter as a section 2255 or (2) "withdraw the [letter] rather than have it so recharacterized."  Id.  If petitioner chooses to withdraw the letter, he may also "amend it so that it contains all the 2255 claims he believes he

has." Castro v. United States, 540 U.S. 375, 383 (2003).

Accordingly, because the petitioner has not previously filed a motion pursuant to section 2255, on or before **February 13, 2009**, the petitioner shall file a Notice in which he either: (1) agrees to the recharacterization of his letter as a section 2255 motion, or (2) withdraws the letter rather than have the court recharacterize it as a section 2255 motion. If the petitioner fails to respond to this order, the court will recharacterize and rule on the petition accordingly. Furthermore, the court warns petitioner that recharacterizing his letter to a section 2255 motion means that "any subsequent 2255 motion will be subject to the restrictions on 'second or successive' motions." Id; see also 28 U.S.C. § 2255(h).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of January, 2009.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge